IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DANA BARKER, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | NO. CIV-22-0495-HE |
| | ) | |
| ABOUTANAA EL HABTI, | ) | |
| | ) | |
| Respondent. | ) | |

**<u>ORDER</u>**

Petitioner Dana Barker, a state prisoner proceeding *pro se*, filed a petition for habeas relief pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), the matter was referred to U. S. Magistrate Judge Shon T. Erwin for initial proceedings. Petitioner contends that her state sentence is unconstitutional in light of <u>Miller v. Alabama</u> and <u>Montgomery v. Louisiana</u>, that she received ineffective assistance of counsel in connection with the sentencing proceeding, and that the state lacked jurisdiction to convict her in light of <u>Murphy v. Royal</u> and <u>McGirt v. Oklahoma</u>. After screening the petition, Judge Erwin issued a Report and Recommendation recommending that the petition be dismissed as untimely. Petitioner has objected to the Report, which triggers *de novo* review of the matters to which objection has been made.

Petitioner pled guilty in March 1995 to first-degree murder, which she committed at the age of seventeen. She was sentenced to life without parole. Her conviction became final on August 5, 1996. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year limitations period for habeas claims of state prisoners, subject to limited exceptions. 28 U.S.C. § 2244(d)(1). Based on the date the conviction

became final, the Report concluded that the statutory limitations period expired on August 5, 1997.

The Report also concluded that Miller set forth a new substantive constitutional right and that it was made retroactive to cases on collateral review, triggering a new limitations period for that claim. The Report concluded the new period began on June 25, 2012, and expired on June 25, 2013. Four days prior to the latter date, petitioner filed in state court an Application for Post-Conviction Relief asserting her Miller claim. The Oklahoma Court of Criminal Appeals affirmed the district court's denial of her application on October 20, 2021. The Report noted that petitioner's federal petition was filed more than seven months later, after the remaining four days of the renewed limitations period had expired. Concluding no basis for tolling existed sufficient to make petitioner's assertion of the Miller claim timely, the Report recommended its dismissal.

Similarly, the Report concluded the McGirt claim was not timely as McGirt did not involve the recognition of a new constitutional right or other basis for extending the standard one-year time period. In light of the Report's conclusion that all of petitioner's claims were asserted after expiration of the limitations periods applicable to them, it recommended that the petition be dismissed as untimely.

Petitioner has objected to the Report, relying on Murphy v. Royal, 875 F.3d 896 (10th Cir. 2017) for the contention that her jurisdictional challenge is not barred by the one-year habeas deadline. But Murphy did not involve any issue of the timeliness of the habeas challenge asserted there, as the petitioner in that case appears to have pursued the jurisdictional argument, via amendment of his pending habeas petition, promptly after it

was resolved in the related state proceedings.  Murphy, at 1174-5.  That is not the case here.  Further, there is no general principle that the statutory limitations period does not extend to jurisdictional claims.  Congress provided no such "blanket exception", and petitioner has not urged here her actual innocence or other circumstances which might constitute a more limited exception.  See Pacheo v. El Habti, ___ F.3d ___, 2022 WL 4242131 at *7, (10th Cir. 2022); see also Morales v. Jones, 417 Fed. Appx. 746, 749 (10th Cir. 2011).

To the extent petitioner seeks to avoid the one-year limitations period based on McGirt and 28 U.S.C. §2244(d)(1)(C), the effort fails.  As the Report noted, that statutory exception applies to constitutional rights newly recognized by the Supreme Court.  McGirt, however, did not recognize a new constitutional right.  Pacheco, at *8.

The result is that any challenge to petitioner's conviction based on McGirt is time barred, absent some basis for tolling.  Petitioner has suggested no such basis, and none is apparent.

With respect to her claim based on Miller, petitioner contends that she was not properly served with the OCCA's ruling on her post-conviction application until after the final four days of her limitations period had expired.  Under AEDPA, however, the limitations period runs from "the date on which the judgment became final by the conclusion of direct review", not the date the petitioner received notice of the decision.  28 U.S.C. § 2244(d)(1)(A).  And, as noted above, the filing of the present petition actually occurred many months later.

As petitioner has not shown any plausible basis for avoiding the Report's conclusion that her claims are time-barred,[1] the court **ADOPTS** the Report and Recommendation [Doc. #8]. The petition is **DISMISSED.** Further, as petitioner has failed to demonstrate a substantial showing of the denial of a constitutional right, a certificate of appealability is denied. 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

Dated this 11th day of October, 2022.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[1] Petitioner's objection does not address the Report's treatment of her ineffective assistance of counsel claim.